Order accordingly.

---

WARREN HAIGHT and WIFE v. The EXECUTORS of TUNIS BERGH, deceased, and others.

A public officer, acting under the process of this court, will not be restrained for the purpose of aiding the complainant in a proceeding in a court of law, which, in the opinion of the chancellor, is unlawful or unnecessary.

MOTION to dissolve an injunction allowed by one of the masters of the court, for want of equity in the bill. The grounds of the application, so far as they are necessary to an understanding of the case, are stated in the opinion of the chancellor.

*Gifford*, for defendants, in support of the motion.

*De Hart*, for complainants, contra.

THE CHANCELLOR. Tunis Bergh was a resident of the city of New-York, and died in August, eighteen hundred and twenty-eight. In September, eighteen hundred and twenty-nine, Warren Haight, being indebted to the estate, confessed a judgment to the executors, in the court of common pleas of Essex county, for two thousand dollars. Execution was issued, and the property of defendant purchased by the executors for the benefit of the estate. John J. Astor held a mortgage on the premises, which was prior to the judgment; and in July, eighteen hundred

and thirty-five, he obtained a decree on his mortgage for a sale of the property to pay nine thousand six hundred and twenty-nine dollars, the amount of the mortgage money. An execution went into the hands of R. O. Robinson, sheriff of Essex, who advertised the property to be sold on the twelfth day of October, and then adjourned the sale to the twelfth day of November. Notwithstanding the adjournment, the property was sold by an auctioneer on the same twelfth day of October, by the consent of the sheriff, and Astor, and the executors; and Robert Morrill became the purchaser. It was then agreed that the executors should account to Astor and secure him for his mortgage money, and that Morrill should account to the executors for the amount of the purchase; and it was so done. Morrill secured to the executors the balance of the purchase money, ten per cent having been paid in cash by the purchaser. Haight and wife then sued out an attachment from the supreme court, and attached these securities in the hands of the executors, to pay a legacy left to the wife of Haight, in the will of Tunis Bergh, who was her father; and, alleging that the parties are now about to set aside the first sale and agreement, and thereby defeat his claim, and that to effect this the sheriff has again advertised the property for sale, whereby the complainants may be injured by the loss of the legacy—he prays an injunction to stay all proceedings on the part of the sheriff, and also general relief. An injunction was awarded by one of the masters.

I am clearly of opinion that the application to set aside the injunction, for want of equity in the bill, must be granted.

If the property attached is to be considered as belonging to the Berghs, in their individual capacities, they are not thereby personally liable to the complainants for the amount of the legacy. There is no devastavit charged in the bill, nor any allegation which can give colour to the idea of personal liability. It is not even charged that a demand has been made and refused. The facts that these executors lived in New-York, the domicil of their testator, and that they are in moderate circumstances and not able to respond in damages for any mal-administration of the

assets of the estate, is not sufficient to warrant any such proceeding against them as is here attempted by the attachment.

If the property attached is to be taken as belonging to the estate, I do not conceive that the complainants are in any better situation. The estate is indebted to Astor to the amount of his debt, and this must be paid. It is only the balance, the value of the equity of redemption, that can in any way be subject to the claim of the complainants. If the securities of Morrill in the hands of the executors are assets to that amount, there is no remedy against the executors by way of attachment. I believe the doctrine is settled at law, that an attachment will not lie against executors either as absconding or nonresident debtors: *McCombe* v. *The Executors of Hudson*, 2 *Dall.* 73; *Jackson* v. *Walworth*, 1 *John. Ca.* 372. And I cannot consider the principle called in question by the mere fact that a party has thought proper to sue out a writ. I apprehend, that by considering that proceeding as contrary to law, I am not interfering with the appropriate jurisdiction or duties of the supreme court. At all events, I am unwilling to lend the extraordinary aid of this court to assist a party in a course at law, which I think unwarranted—the court itself having expressed no opinion to the contrary. This is simply an injunction bill. It asks no other specific relief. I cannot restrain a public officer acting under the writ of this court, for the purpose of aiding the complainants in what I consider an unlawful proceeding in a court of law.

In another point of view, the injunction appears to me unnecessary. If the Berghs really hold the securities from Morrill, as set out in the bill, under the agreement, and the contract was in good faith, and Morrill was actually at the time of serving the attachment indebted to the Berghs, can the relative situation of the parties be changed by any sale the sheriff may make? The complainants have an interest under the attachment, supposing it can be sustained, that cannot be divested, as I conceive, without their consent. The debt is bound by the attachment in the hands of the debtor. If he pay it afterwards, it is no defence against the attachment; and if he change it, and thus en-

[Haight v. Ex'rs of Bergh et al.]

deavor to evade the lien of the attachment, the effort must be unsuccessful.

Seeing, then, that the bill seeks no account, nor any aid of this court in compelling payment of the legacy; but only asks the court for an injunction, as auxiliary to proceedings in another court, where such aid is either improper or unnecessary, I have no hesitation in saying, that the injunction must be set aside, as improvidently issued.

There are other grounds on which the court might rest its opinion, but these are deemed sufficient.

Injunction set aside.